# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY MARTINEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>J. LOPEZ, Correctional Officer,<br><br>                    Defendant. | CASE NO. 17cv2556-LAB (KSC)<br><br>**ORDER OF DISMISSAL FOR FAILURE TO TIMELY SERVE AND FOR FAILURE TO PROSECUTE** |

       Plaintiff Daniel Martinez, a state inmate currently housed at Kern Valley State Prison, filed this case in December 2017, alleging that Defendant Lopez, a correctional officer at Martinez's former institution, used excessive force in breaking up an inmate altercation. Despite the fact that we are now nearly 18 months removed from the filing of this case, Martinez has not properly served the defendant and, other than a notice of change of address, has not filed any documents in this case since February 14, 2018. Based on this lack of activity, on March 25, 2019 the Court ordered him to show cause why the case shouldn't be dismissed for failure to prosecute. Martinez responded to the Order to Show Cause on April 22, 2019, noting that he had tried unsuccessfully to serve the defendant, but that, as an inmate, he lacked the resources to do so properly. Instead, he now requests that the Court order service by the United States Marshal.

       Fed. R. Civ. P. 4(m) requires that the Court dismiss a case if the defendant is not served "within 90 days after the complaint is filed." Although this 90-day period may be

extended if the plaintiff shows good cause, the Court does not find that good cause exists here. As noted above, this action was filed in December 2017, more than 18 months ago. Further, because Martinez paid the filing fee and is not proceeding IFP, the obligation to properly serve the Defendant falls on him; he is not statutorily entitled to service by the Marshal.

In support of his argument that good cause exists to extend the time for service, Martinez has submitted an unexecuted Proof of Service. *See* Dkt. 8. That document, however, seems to indicate that physical service was not attempted until April 21, 2019, 16 months after the case was initiated and nearly a month after the Court's Order to Show Cause.[1] This significant delay in attempting to serve the Defendant warrants dismissing the case. "The [time limit on service] is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985). Especially in cases like the one at hand—a case that would inevitably turn on first-hand witness testimony—each day that passes carries with it the risk that witnesses' memories will fade and that physical evidence will disappear. This deterioration of evidence prejudices not just the parties but the Court as well.

Martinez also argues that he had previously attempted to serve the Defendant by mail. Even accepting that as true, the Court would still be unable to find good cause to extend the time for service here. The fact of the matter is that Martinez was aware that his attempts to serve the Defendant by mail were unsuccessful, yet he made no effort to remedy that defect, at least until after the Court issued its Order to Show Cause. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("[A] plaintiff may not remain

---

[1] The Proof of Service indicates that it was "received by" the process server on "03/30/2108" [sic], but was returned unexecuted on April 21, 2019. It's unclear from this discrepancy whether the process server waited more than a year after receiving the summons to attempt service or whether she attempted service in March 2018 and then waited more than a year to return the summons unexecuted. In either event, neither excuses the significant delay in serving the Defendant or bringing the issue to the Court's attention.

silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.").

In short, the Court cannot countenance an unnecessary 18-month delay in initiating this case by finding good cause to extend the time for service.  This case is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).  In the alternative it is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Civil Local Rule 41.1(a), which allows the Court, after providing notice, to dismiss a case in which no proceedings or discovery have occurred in the past six months.  His request for service by the United States Marshal is **DENIED**.  The clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

Dated: June 10, 2019

**Honorable Larry Alan Burns**
Chief United States District Judge